UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED

2023 OCT 31  P 4: 07

CHARLES C. JOHNSON,

    Plaintiff,

vs.

HAL LAMBERT,

POINT BRIDGE CAPITAL,

    Defendants

Civil No.: 1:23 cv 1485

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff Charles C. Johnson, complaining of the acts of Defendants Hal Lambert and Point Bridge Capital, alleges and states the following:

### PARTIES

1. Charles C. Johnson is a citizen of Reston, Virginia domiciled in Fairfax County, Virginia.

2. Hal Lambert is a citizen of Fort Worth, Tarrant County, Texas.

3. Point Bridge Capital was incorporated, and is existing, under the laws of the state of Delaware. Point Bridge Capital's principal place of business is in the state of Texas.

### JURISDICTION AND VENUE

4. Subject matter jurisdiction over this matter is conferred upon and vested in this Court under 28 U.S.C. § 1332.

5. This Court has personal jurisdiction over Defendants.

6. Venue is proper in the Eastern District of Virginia, Alexandria Division under 28 U.S.C. § 127.

7. This action has been brought within all applicable statute of limitations and/or repose.

## FACTUAL ALLEGATIONS

8. Mr. Johnson (hereinafter "Plaintiff") is an experienced and successful venture capitalist and Federal operative that has worked with investors on projects involving technology and national security since 2014.

9. On or about November 23, 2020, Plaintiff began working with Lambert and Point Bridge Capital (hereinafter "Defendants") to launch Umbra Lab, Inc..

10. Plaintiff arranged for Defendants to access Plaintiff's extensive network of investors, allowing Defendants to avoid the entanglements of Silicon Valley investors who would be unable to pass security reviews by the United States Department of Defense and/or other Federal agencies in order to obtain lucrative contacts.

**Defendant Lambert Promised Investors That Plaintiff Was Key to the Success of Umbra**

11. Defendants represented to Plaintiff's network of investors that investments in Umbra Lab were dependent on personnel working with the company who had significant contacts with the United States Intelligence Community, Department of Defense, and/or other Federal agencies.

12. Defendants orally represented to Plaintiff's network of investors that their investment was subject to a "key man clause" in which Plaintiff's participation in Umbra reduced risk and improved the likelihood of successful return on their investment.

### Defendant Lambert Raised Significant Funds from Mr. Johnson's Investor Network

13. Defendants raised an initial $6.5 million to invest in Umbra Lab from Plaintiff's network of investors.

14. Plaintiff raised an initial $4.5 million for Defendants to invest in Umbra Lab from Plaintiff's network of investors.

### Defendants Then Removed Plaintiff from Company Operations

15. Defendants Lambert, without noticing the investors, then barred Plaintiff from working with Umbra Lab.

16. Plaintiff's association with Umbra Lab was limited to his participation as an investor, whereby he invested $200,000 of his own money in the company.

17. Defendants went on to raise approximately $30 million from Plaintiff's network of investors without noticing them that Plaintiff and his Federal contacts would no longer be part of their investments.

### Defendants Lambert and Point Bridge Capital Have Reaped Substantial Income

18. Defendants have reaped millions of dollars from the services of Plaintiff. Defendants Lambert earn substantial sums from the management fees of the special purpose vehicles which Plaintiff helped to fund.

### Company Performance Has Worsened Because of Defendants' Breach of Contract

19. Without Plaintiff's participation, Umbra Labs has been unable to capitalize on opportunities in the market for Federal Government contracts because the company lacks Plaintiff's contacts and expertise.

### Plaintiff Has Lost Income, Opportunities, and Reputation

20. Plaintiff has suffered public embarrassment because of Defendants actions. Plaintiff's credibility has been damaged with his investment network because of the fraudulent conduct of Defendants. As a result, Plaintiff has lost opportunity for other lucrative contracts because of his connection to Defendants' fraudulent conduct.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract and Fraudulent Misrepresentation)

24. Plaintiff re-alleges and incorporates the prior paragraphs of this Complaint as if fully set forth herein.

25. Defendants entered into an express written and oral contract with Plaintiff whereby access to his network of investors was predicated on his participation in the company's operations. Defendants represented to investors that Plaintiff was a key man in the company's operations. Investors' expectations of risk was based on this understanding.

26. Defendants breached the contract with oral and/or implied contract with Plaintiff and investors by barring Plaintiff from working with Umbra Lab.

27. As a direct and proximate result of the breach by Defendants, Plaintiff was harmed in an amount exceeding $75,000.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

28. Plaintiff re-alleges and incorporates the prior paragraphs of this Complaint as if fully set forth herein.

29. Plaintiff has performed work for Defendants in the form of attracting investors, promoting their respective companies, and facilitating government contracts.

30. As a direct and proximate result of the unjust enrichment by Defendants, Plaintiff was harmed in an amount exceeding $75,000.

## PRAYER FOR RELIEF

Wherefore Plaintiff, Charles C. Johnson, prays the Court for the following relief:

1. Plaintiff have and recover from Defendants for the breach of contract compensatory damages of $1,500,000 plus interest from the date of the breach, plus interest paid on the judgment until paid in full at the legal rate as allowed;

2. In the alternative, that Plaintiff have and recover from Defendants for the unjust enrichment in an amount to be determined at trial, plus interest paid on the judgment until paid in full at the legal rate as allowed;

3. That the cost of this action be taxed to Defendants; and

4. That the Court award Plaintiff such other and further relief as this Court may deem just and proper in the premises.

## RELIEF

PLAINTIFF DEMANDS A TRIAL BY JURY.

October 9, 2023

Respectfully submitted,

/s/ Charles C. Johnson
*Pro Se*
1624 Fieldthorn Drive Reston VA
(617) 429-4718
Charles@traitwell.com