**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| CHARLES C. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:23-cv-1485-MSN-WEF |
| | ) | |
| HAL LAMBERT, | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| POINT BRIDGE CAPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION
(FED. R. CIV. P. 12(b)(2)), IMPROPER VENUE (FED. R. CIV. P.
12(b)(3)), FAILURE TO STATE A CLAIM (FED. R. CIV. P.
12(b)(6)), AND FAILURE TIMELY TO SERVE THE COMPLAINT (FED. R.
CIV. P. 4), OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

The defendants, Hal Lambert ("Mr. Lambert") and Point Bridge Capital[1]

("Point Bridge Capital") (collectively, "Defendants"), submit this memorandum in

support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Fed. R.

Civ. P. 12(B)(2)), Improper Venue (Fed. R. Civ. P. 12(B)(3)), Failure To State a Claim

(Fed. R. Civ. P. 12(B)(6)), and Failure Timely To Serve the Complaint (Fed. R. Civ. P.

4), or, in the Alternative, Motion to Transfer Venue ("Motion").

---

[1]  "Point Bridge Capital" is not an entity. The defendants assume that the
intended party is Point Bridge Capital, LLC.

<u>Preliminary Statement</u>

The plaintiff, Charles C. Johnson ("Plaintiff"), has filed a meritless action against Mr. Lambert and Point Bridge Capital. The Complaint not only fails to state any cognizable claim, but also is filed in the wrong forum. Defendants, who both are Texas residents and citizens, have no contacts with the Commonwealth of Virgina that would allow this Court to exercise personal jurisdiction over them and, further, all of the alleged acts giving rise to the Plaintiff's claims took place in Texas. Even if personal jurisdiction could be exercised, this district is not the proper district in which Plaintiff's claims could be brought because there simply is no significant connection with the Eastern District of Virginia upon which venue properly could be laid.

Alternatively, even if this Court finds that personal jurisdiction and venue are proper, this action still should be dismissed because Plaintiff has not stated any claim against Defendants upon which relief could be granted. While Plaintiff's "Complaint for Breach of Contract" (hereinafter "Complaint") is full of conclusory allegations of breach of contract, misrepresentation, and unjust enrichment, it is devoid of any actual, non-speculative facts that would support such claims. Further, and as an additional ground for dismissal, Plaintiff failed to serve Defendants with the Complaint within 90 days as required by Fed. R. Civ. P. 4 (m).

Accordingly, for the reasons set forth herein, Defendants' Motion should be granted and Plaintiff's Complaint should be dismissed in its entirety. In the alternative, if the Court declines to dismiss all or part of the Complaint at this time, this case should be transferred to the United States District Court for the Northern

2

District of Texas, Fort Worth Division, where both Defendants reside and where the alleged events giving rise to Plaintiff's claims necessarily would have occurred.

<u>Allegations Set Forth in (and Missing from) the Complaint</u>

On October 31, 2023, Plaintiff filed his Complaint against Mr. Lambert and Point Bridge Capital in this Court. *See* Plaintiff's Complaint for Breach of Contract ("Compl."), Dkt. 1. As stated in the Complaint, Mr. Lambert is a citizen of Fort Worth, Texas. Compl. ¶ 2. Point Bridge Capital is an entity organized and existing under the laws of the State of Delaware.[2] Compl. ¶ 3. Point Bridge Capital maintains its principal place of business in Fort Worth, Texas. *Id*. Plaintiff purports to be a resident of the Commonwealth of Virginia, domiciled in Fairfax County, Virginia. Compl. ¶ 1.

According to the Complaint, Plaintiff began working with Defendants on November 23, 2020 to "launch Umbra Lab, Inc." Compl. ¶ 9. The Complaint does not identify any contract or agreement entered in connection with Plaintiff's "work" with Defendants and does not identify any representations allegedly made by Defendants in connection with his alleged "work" with Defendants. The Complaint alleges that Plaintiff "arranged for Defendants to access Plaintiff's extensive network of investors[.]" However, the Complaint does not identify any contract or agreement between Plaintiff and Defendants in connection with any access provided to Plaintiff's "network of investors" and does not identify any representations allegedly made by

---

[2] The Complaint incorrectly states that Point Bridge Capital "was incorporated" in Delaware. This is incorrect—Point Bridge Capital was not incorporated. Point Bridge Capital, LLC is a limited liability company organized under Delaware law. Mr. Lambert is its sole member. *See* Declaration of Hal Lambert, attached hereto and adopted herein as *Exhibit 1*.

Defendants in connection with any access provided by Plaintiff to investors. At some point, Defendants allegedly "barred Plaintiff from working with Umbra Lab[,]" Compl. ¶ 15, and "Plaintiff's association with Umbra Lab was limited to his participation as an investor[.]" Compl. ¶ 16. Defendants allegedly went on to raise approximately $30,000,000 from Plaintiff's "network of investors[.]" Compl. ¶ 17. According to the Complaint, "Defendants have reaped millions of dollars from the services of Plaintiff." Compl. ¶ 18.

The Complaint is so convoluted and vague that it is difficult to understand what it is that Plaintiff alleges Defendants have done to cause him harm. Plaintiff appears to allege breach of some unspecified contract—whether the alleged contract is oral or written is unclear—yet he does not identify who the parties to the contract were, the date of the contract, or any of its terms that allegedly were breached or how. Similarly, Plaintiff's "First Claim for Relief" references a fraudulent misrepresentation claim. However, based upon the allegations of the Complaint, it is impossible to determine what false representation Plaintiff alleges was made by Defendants (or which of them) to Plaintiff or whether Plaintiff relied upon it. In fact, the misrepresentations that Plaintiff seems to complain about in the Complaint actually appear to have been made to other investors and *not* Plaintiff. *See* Compl. ¶ 11 ("Defendants represented to Plaintiff's network of investors…), ¶ 12 ("Defendants orally represented to Plaintiff's network of investors…"), ¶ 25 ("Defendants represented to investors…"). Plaintiff's "Second Claim for Relief" for unjust enrichment alleges only that "Plaintiff performed work for Defendants in the form of

attracting investors, promoting their respective companies, and facilitating government contracts." With the exception of a single conclusory allegation that "Defendants have reaped millions of dollars from the services of Plaintiff[,]" Plaintiff identifies no benefit that was conferred on Defendants by Plaintiff that it would be unjust for Defendants to retain.

<u>Law and Argument</u>

A.   *This court does not have personal jurisdiction over Defendants.*

When a court considers a challenge to personal jurisdiction pursuant to Rule 12(b)(2) based upon the contents of a complaint and supporting affidavits, "the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014) (citing *Consulting Eng'rs Corp. v. Geometric Ltd.,* 561 F.3d 273, 276 (4th Cir. 2009)). "When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge[.]" *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989) (citation omitted).[3]

"Before exercising personal jurisdiction over a non-resident defendant, a court must find that two conditions are satisfied. First, the state's long-arm statute must authorize exercise of jurisdiction in the circumstances presented. Second, the exercise of jurisdiction must comport with Fourteenth Amendment due process standards." *Orion Cap., LLC v. Promier Prod., Inc.*, No. 4:21-CV-00015, 2021 WL 4943501, at *2

---

[3] "Once the defendant contests personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), 'the plaintiff bears the burden of demonstrating personal jurisdiction at every stage.'" *dmarcian, Inc. v. dmarcian Europe BV*, 60 F.4th 119, 131 (4th Cir. 2023) (quoting *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016)).

(W.D. Va. Oct. 22, 2021) (citing *Ellicott Mach. Corp., Inc. v. John Holland Party* Ltd., 995 F.2d 474, 477 (4th Cir. 1993)). "The Fourth Circuit has interpreted Virginia's long-arm statute, Virginia Code § 8.01–328.1, as being coextensive with the Due Process Clause." *Id.* (citing *English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir. 1990) (citation omitted)). Therefore, "[b]ecause Virginia's long-arm statute extends personal jurisdiction to the outer bounds of due process, the two-prong test collapses into a single inquiry when assessing personal jurisdiction in Virginia." *Id.* The pertinent inquiry is whether a defendant has sufficient minimum contacts with Virginia "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted).

In order to satisfy the "minimum contacts" test, a plaintiff must show that that defendants purposefully have availed themselves of the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). Historically, the constitutional requirements to show sufficient contacts with the forum differ between general jurisdiction and specific jurisdiction. General jurisdiction is authorized when a defendant has "continuous and systemic" contacts with the forum. *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414 (1984). Where the contacts are sufficiently extensive to meet the general jurisdiction requirement, the underlying case need not "aris[e] out of or relat[e] to the defendant's contacts with the forum." *Id.* at 414 n.9.

When a defendant's contacts with the forum are not so extensive as to justify the exercise of general jurisdiction, specific jurisdiction may be permissible where a defendant's contact with the forum also is the basis for the suit. *Id.* at 414 n.8. "For a court to exercise specific jurisdiction over a defendant, it must consider (1) the extent that the defendant 'purposefully availed' himself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Eagle Paper Int'l, Inc. v. Expolink, Ltd.*, No. 2:07-cv-160, 2008 WL 170506, at *4 (E.D. Va. Jan.17, 2008) (citing *ALS Scan, Inc. v. Digital Svc. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002)).

Here, the Complaint is devoid of any allegations that general personal jurisdiction exists, and none does.  It is undisputed that Mr. Lambert is a resident of Fort Worth, Texas and Point Bridge Capital is a limited liability company organized under the laws of the State of Delaware, with its "principal place of business" in Fort Worth, Texas. *See Exhibit 1*; Compl. ¶¶ 2-3.  Defendants do not maintain a place of business in the Commonwealth of Virgina, do not transact any business or perform any services in Virginia and do not contract to supply any services or things in Virginia. *Id.* Defendants also do not own, use, or possess real property in Virginia and have no employees or any other presence in Virginia. *Id.* Indeed, Defendants have not purposefully availed themselves in any way of the laws of Virginia. This Court plainly does not have general personal jurisdiction over Mr. Lambert or Point Bridge Capital.

The pertinent inquiry therefore is whether this Court may exercise specific personal jurisdiction over the Defendants. The Virginia Long-Arm Statute provides, in pertinent part, that a Virginia "court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1.  Transacting any business in this Commonwealth;

2. Contracting to supply services or things in this Commonwealth;

3. Causing tortious injury by an act or omission in this Commonwealth; [or]

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth,"

among other conduct. Va. Code § 8.01-328.1(A)(1)-(4). Here, all of the dealings between Plaintiff and Defendants with respect to the matters addressed in the Complaint took place in Texas during a time when all of the parties were residents of Texas. *See Exhibit 1.* Defendants transacted no business with Plaintiff in Virginia and caused no injury to Plaintiff in Virginia in connection with the allegations set forth in the Complaint.  Nor did Defendants contract to supply services to Plaintiff or anyone else in Virginia. *Id.* Thus, Virginia's long-arm statute does not reach Defendants' alleged conduct underlying Plaintiff's claims. Notably, apart from Plaintiff's purported residence in Virgina, the Complaint fails to identify a single act or omission on the part of Defendants that took place in the Commonwealth of Virgina. Accordingly, Plaintiff has not, and cannot, establish

sufficient significant contacts with Virginia that would allow this Court to confer personal jurisdiction (either general or specific) over Defendants and Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(2).

     B. *The Complaint should be dismissed because the United States District Court for the Northern District of Texas is the proper forum.*

In his Complaint, Plaintiff alleges, in conclusory fashion no less, that venue is proper in this Court under 28 U.S.C. § 127. 28 U.S.C § 127 is the federal law that establishes the two judicial districts within the Commonwealth of Virginia and defines the geographical scope of each district and the locations of the district courts within the respective districts. 28 U.S.C § 127 therefore does *not* operate to establish proper venue in this case. It applies solely to *divisional* venue within this Court.

Under 28 U.S.C. § 1391, venue only is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

When a defendant moves to dismiss for improper venue under Rule 12(b)(3),[4] "the plaintiff bears the burden of establishing that venue is proper." *Adhikari v. KBR, Inc.*, No. 1:15-cv-1248, 2016 WL 4162012, at *3 (E.D. Va. Aug. 4, 2016) (citation omitted).

Both Mr. Lambert and Point Bridge Capital[5] are, and were at all times relevant to the claims set forth in the Complaint, residents of Fort Worth, Texas, which is located in the judicial district for the Northern District of Texas. *See Exhibit 1; see also Compl. ¶¶ 2-3.* Thus, any proper venue for this case would be in the Northern District of Texas. As such, there is no proper basis for venue in this district under Section 1391(b)(1) because none of the defendants are residents of Virginia. *See, e.g., Douglas v. D.B. Va., LLC*, No. 4:10-cv-80, 2010 WL 5572830, at *4 (E.D. Va. Dec. 13, 2010) ("[T]his Court must find that Plaintiff did not meet its burden to establish that each of the three named defendants are residents in Virginia and, therefore did not meet its burden to demonstrate proper venue in the Eastern District of Virginia under § 1391(b)(1).").

---

[4] Dismissal also is warranted here under 28 U.S.C. § 1406(a)(1) which states, in pertinent part: The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

[5] The definition of "residence" is found in 28 U.S.C § 1391, which provides, in relevant part, "[f]or all venue purposes... an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c). Therefore, absent specific acts pertinent to the claim, Point Bridge Capital's residence is deemed to be in Texas and, perhaps, Delaware. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("the place of incorporation and principal place of business are paradigm bases for general jurisdiction") (internal quotes, ellipses, and brackets omitted).

Venue also is improper under Section 1391(b)(2) because Plaintiff has not, and cannot, assert that "a substantial part of the events or omissions giving rise to the claim" occurred within this judicial district. In determining whether events or omissions are sufficiently substantial to support venue, a court should not focus only on those matters that are in dispute or that directly led to the action, but rather, should review the entire sequence of events underlying the claim. *See Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir 2004) (citations omitted). Here, at the time of all of the dealings between Plaintiff and Defendants with respect to the matters addressed in the Complaint (to the extent they can be understood), both Defendants and Plaintiff were residents of Texas. *See Exhibit 1.* Indeed, in February of 2021, months after Plaintiff alleges in the Complaint that he began working with Defendants, Plaintiff advised Defendants that he resided in Conroe, Texas. *See Exhibit 1.* It was not until sometime later that Plaintiff purportedly relocated to Virginia. *See Exhibit 1.*

While the Complaint purports to set forth a breach of some oral or written agreement between Plaintiff and Defendants that allegedly was entered in November of 2020, *see* Compl. at ¶ 9, to the extent such an agreement even exists, which Defendants deny, it only could have been entered into when all parties were residents of Texas. *See Exhibit 1.* Moreover, as stated, with the exception of a single allegation that Plaintiff now resides in Reston, Virgina, the Complaint contains no other facts or allegations referencing or referring to Virginia in any way and it is impossible to identify any connection whatsoever between the claims alleged and Virginia, much

less this judicial district. As such, there is no conceivable basis for concluding that "a substantial part of the events or omissions giving rise to the claim" arose in this district, as required to establish venue under Section 1391(b)(2). *See, e.g., Curry v. Trans Union, LLC*, No. 3:16-cv-824, 2017 WL 2058266, at *8 (E.D. Va. Apr. 26, 2017) (where a "'substantial part of the events or omissions giving rise to the claim' did not occur in Virginia," Section 1391(b)(2) "does not support venue in Virginia").

 Finally, because venue would undoubtedly be proper in Texas under Sections 1391(b)(1) and 1392(b)(2), as set forth above, and neither Mr. Lambert nor Point Bridge Capital are subject this Court's personal jurisdiction, Section 1391(b)(3), does not apply.

Because this Court is not a proper venue for this action, dismissal is warranted under Rule 12(b)(3) and 28 U.S.C. § 1406(a)(1).

### C. Plaintiff's Complaint fails properly to state any claim upon which relief can be granted and must be dismissed.

Under Rule 12(b)(6), a defendant may move the court to dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* Rather, a plaintiff must "allege facts sufficient to state all elements of [their] claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003)

12

(upholding dismissal of hostile work environment claim where the plaintiff failed to allege facts sufficient to support the second and third elements of her claim). These factual allegations must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In ruling on a motion to dismiss for failure to state a claim, the Court may rely only upon allegations in the complaint and those documents attached as exhibits. *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir.1995).

1. Choice of Law

In a diversity suit, this Court applies "Virginia's choice of law rules." *Wiest v. E-Fense, Inc.*, 356 F. Supp. 2d 604, 608 (E.D. Va. 2005) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 497 (1941)). On issues of substantive law, "Virginia applies the lex loci delicti, the law of the place of the wrong, to tort actions." *Jeffrey J. Nelson & Assocs., Inc. v. LePore*, No. 4:11-cv-75, 2012 WL 2673242, at *7 (E.D. Va. July 5, 2012) (quoting *Milton v. IIT Research Inst.*, 138 F.3d 519, 521 (4th Cir. 1998)). Further, under Virginia law "the validity, interpretation, or construction of a contract is governed by the substantive law of the lex loci contractus—the place of contracting. The place of contracting is determined by the place where the final act necessary to make the contract binding occurs." *O'Ryan v. Dehler Mfg. Co.*, 99 F. Supp. 2d 714, 718 (E.D. Va. 2000) (citations omitted). Regarding Plaintiff's claim for unjust enrichment, it appears that district courts in Virginia have treated such claims differently "based

on whether the court understands the unjust enrichment claim to be a contract claim or a tort claim." *Szy Holdings, LLC v. Ipf Sourcing LLC*, No. 1:20-cv-1475, 2022 WL 20452363, at *4 (E.D. Va. Aug. 15, 2022) (citing S*cott & Stringfellow, LLC v. AIG Commercial Equip. Fin., Inc.*, No. 3:10-cv-825, 2011 WL 1348324, at *4 (E.D. Va. Apr. 8, 2011) (holding that unjust enrichment is a claim in contracts) and *G4I Consulting, Inc. v. Nana Services, LLC*, No. 1:11-cv-810, 2012 WL 1677985, at *4 (E.D. Va. May 14, 2012) (treating unjust enrichment like a tort claim)).

In this case, all of the acts and omission alleged in the Complaint occurred in Texas. To the extent that Plaintiff purports to allege a breach of contract, according to the Complaint the operative date of any contract would have been on or before November 23, 2020. *See* Compl. ¶ 9. Because all of the parties were residents of Texas at that time, the final act to make any alleged contract binding necessarily would have occurred in Texas and Texas law therefore applies to any breach of that contract. The same is true of Plaintiff's tort action for fraudulent misrepresentation—any alleged misrepresentation necessarily would have been made, if at all, by Defendants in Texas and Texas law applies to this claim. Because Texas law applies to both Plaintiff's tort and contract claims, any unjust enrichment claim arising from or related to such claims, regardless of whether such claim is found to be premised upon contract or tort, also would be governed by Texas law.

2. Breach of Contract

The essential elements of a breach of contract action under Texas law are (1) the existence of a valid contract; (2) performance or tendered performance by the

plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.[6] *See Variable Annuity Life Ins. Co. v. Coreth*, 535 F. Supp. 3d 488, 505 (E.D. Va. 2021) (quoting *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citation omitted)). Where a party fails to perform a duty required by the contract, a breach occurs. *Id.* (citation omitted). To properly plead a breach of contract claim, a plaintiff must identify a specific provision of the contract that allegedly was breached. *Id.* (quoting *Morse v. Commonwealth Land Title Ins. Co.*, No. 4:12-cv-375, 2013 WL 5372395, at * 11 (E.D. Tex. Sept. 25, 2013)); *see also Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 732 (E.D. Tex. 2011).

Here, Plaintiff fails to state any facts that demonstrate the existence of a valid contract or agreement between himself and Defendants. Although Plaintiff alleges he began working with Defendants on November 23, 2020, *see* Compl. ¶ 9, and that he "arranged for Defendants to access Plaintiff's extensive network of investors[,]" *see* Compl. ¶ 10, he does not allege that these actions were undertaken pursuant to any agreement with either Defendant. In his "First Claim for Relief[,]" Plaintiff, in conclusory fashion, asserts, in pertinent part, that "Defendants entered into an express written and oral contract with Plaintiff whereby access to his network of investors was predicated on his participation in the company's operations." Compl. ¶ 25. However, he does not allege any of the essential elements of an "oral or written

---

[6] The elements of breach of contract are similar under Virginia law. *See e.g. Filak v. George,* 267 Va. 612, 619, 594 S.E.2d 610, 619 (2004) ("The elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation."); *Harrell v. Deluca*, 1:20-cv-87, 2022 WL 16745115, at *7 (E.D. Va. Nov. 7, 2022) (same).

contract" such as, for example, what the material terms of any agreement were, what the purpose of the agreement was, when the agreement purportedly was made, the identity of the company or business whose operations Defendants allegedly agreed he could participate in, or what performance was required under the agreement by any party. Fatally, Plaintiff also fails to identify any specific provision or provisions of the contract or agreement that he alleges was/were breached by Defendants. In light of these pleading failures, Plaintiff has failed to state a cause of action for breach of contract upon which relief can be granted and Plaintiff's "First Claim for Relief" as to breach of contract must be dismissed.

### 3. Fraudulent Misrepresentation

Under Texas law, the elements of fraud are (1) a material representation, (2) that is false, (3) that is known to be false when made or made recklessly without knowledge of truth, (4) with intent to be acted on, (5) that is relied on, and (6) that proximately causes injury.[7] *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011). Under Rule 9(b) of the Federal Rules of Civil Procedure, in order to state a claim for fraud in federal court, the plaintiff must state with particularity the circumstances constituting the fraud. *See* Fed. R. Civ. P. 9(b); *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir.1999);

---

[7] The elements of fraud are similar under Virginia law. *See State Farm Mut. Auto Ins. Co. v. Remley*, 270 Va. 209, 218-19, 618 S.E.2d 316, 321 (2005) (citations omitted) (To state a claim for fraud, a plaintiff must allege: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled."); *Tech. & Supply Mgmt., LLC v. Johnson Controls Bldg. Automation Sys.*, No. 1:16-cv-303, 2017 WL 57134, at *5 (E.D. Va. Jan. 4, 2017) (same)

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007); *United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). Specifically, Rule 9(b) states:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Fed. R. Civ. P. 9(b); *see Tellabs, Inc.*, 551 U.S. at 319. The Fourth Circuit has held that "the 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison*, 176 F.3d at 784 (quoting 5 C. Wright and A. Miller, Fed. Practice and Procedure: Civil § 1297, at 590 (2d ed. 1990)) (additional citations omitted). Therefore, instead of the "short and plain statement of the claim" required by Rule 8(a), Rule 9(b) imposes a heightened standard of pleading for averments of fraud. *See* Fed. R. Civ. P. 8(a), 9(b).

Here, although Plaintiff references "Fraudulent Misrepresentation" in the heading of "Plaintiff's First Claim for Relief[,]" it is patently unclear from the Complaint what, if any, fraud and/or misrepresentation Plaintiff alleges occurred.[8] The Complaint is bereft of any allegations as to the substance of any material representation made by Defendants to Plaintiff, that that representation was false,

---

[8] At times in the Complaint, Plaintiff references representations that Defendants allegedly made to "Plaintiff's network of investors[.]" *See e.g.* Compl. ¶¶ 11, 12, 25. Nowhere does Plaintiff allege that these representations were material, false, or that anyone, including Plaintiff, relied upon them. And even if he had so pleaded, arguably any claim for fraud based upon such representations would belong to the investors to whom they were made, *not* Plaintiff.

that Defendants knew it to be false when made or made the representation recklessly without knowledge of truth, that Defendants made the representation with intent that it be acted upon by Plaintiff or that Plaintiff relied upon Defendant's alleged misrepresentation. In other words, the Complaint fails even to allege the required elements of fraud in conclusory fashion, much less with the degree of particularity required to survive a motion to dismiss. Accordingly, Plaintiff's "First Claim for Relief" as to Fraudulent Misrepresentation also must be dismissed.[9]

### 4. Unjust Enrichment

Under Texas law, unjust enrichment is an equitable principle requiring one who receives benefits unjustly to make restitution for those benefits. *Villarreal v. Grant Geophysical, Inc.*, 136 S.W.3d 265, 270 (Tex. App.-San Antonio 2004).[10] "To

---

[9] To the extent that Plaintiff is asserting a claim for negligent or constructive misrepresentation, such a claim likely also fails because it is barred under the economic loss rule. *See Smith v. JPMorgan Chase Bank, N.A.*, 519 F. App'x 861 (5th Cir. 2013) (a plaintiff may not bring a claim for negligent misrepresentation unless he can show that he suffered an injury that is distinct, separate, and independent from the economic losses recoverable under a breach of contract claim); *New Century Fin., Inc. v. Olympic Credit Fund, Inc.*, 487 F. App'x 912 (5th Cir. 2012) (negligent misrepresentation claim barred when plaintiff did not allege an injury distinct from that suffered under the contract and sought the same measure of damages). Virginia law is the same. *See Filak*, 267 Va. at 618, 594 S.E.2d at 613; *Walton Global Inv., Ltd. v. Bowman Consulting Grp., Ltd.*, No. 3:23-cv-87, 2023 WL 4138243 at *6 (E.D. Va. June 22, 2023)

[10] Texas courts of appear to be split on the issue of whether an independent cause of action for unjust enrichment exists under Texas law. *See Assure re Intermediaries, Inc. v. W. Surplus Lines Agency, Inc.*, No. 1:20-cv-189-H, 2021 WL 2402485, at *7 (N.D. Tex. June 11, 2021) (noting the split in authorities). For purposes of this Motion, Defendants assert that Plaintiff's unjust enrichment claim should be dismissed on other grounds, without conceding that an independent cause of action for unjust enrichment exists under Texas law, and without waiving any right to assert that such a claim is not viable under Texas law.

survive a motion to dismiss on an unjust enrichment claim, a plaintiff must plead facts sufficient to lead to the plausible inference that the defendant 'obtained a benefit from the plaintiff by fraud, duress, or the taking of an undue advantage.'"[11] *In re Connect Transp., LLC*, 825 F. App'x 150, 154 (5th Cir. 2020) (quoting *Sullivan v. Leor Energy, L.L.C.*, 600 F.3d 542, 550 (5th Cir. 2010) (citations omitted); *see also Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992)). Unjust enrichment is not a proper remedy, however, merely because it might appear expedient or generally fair that some recompense be afforded for an unfortunate loss or because the benefits to the person sought to be charged amount to a windfall. *Heldenfels Bros.*, 832 S.W.2d at 42.

None of the allegations in the Complaint, when taken as true, demonstrate any benefit Defendants obtained from Plaintiff "by fraud, duress, or the taking of an undue advantage." At best, according to Plaintiff's allegations, Plaintiff provided Defendants access to his own "network of investors" and funds were then allegedly raised for investment into Umbra Lab, Inc., a company in which Plaintiff was an investor. Plaintiff does not claim that he was entitled to any of the invested funds or that Defendants directly received or benefited from the funds. Although Plaintiff baldly claims that "Defendants have reaped millions of dollars from the services of

---

[11] Under Virginia law, the elements of unjust enrichment are: (1) a benefit conferred on the defendant by the plaintiff; (2) knowledge on the part of the defendant of the conferring of the benefit; and (3) acceptance or retention of the benefit by the defendant in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value. *See Schmidt v. Household Fin. Corp., II*, 276 Va. 108, 116, 661 S.E.2d 834, 838 (2008); *Seale & Assoc., Inc. v. Ingersoll-Rand Co.*, No. 1:15-cv-1282, 2016 WL 4435083 at *9 (E.D. Va. Aug. 16, 2016).

Plaintiff[,]" *see* Compl. ¶ 18, which Defendants deny, such claims, are unsubstantiated by any actual facts, as opposed to mere conjecture or speculation, that would permit this Court to draw a reasonable inference that Defendants are liable for unjust enrichment. *See, e.g., Elias v. Pilo,* 781 Fed. Appx. 336, 338-39 (5th Cir. 2019) (upholding dismissal of unjust enrichment claim where complaint failed to allege that the defendant had obtained a benefit from the plaintiff). Therefore, Plaintiff has failed to state a plausible claim for unjust enrichment against Defendants and Plaintiff's "Second Claim for Relief" as to Unjust Enrichment must be dismissed.

### D. Plaintiff's Complaint must be dismissed pursuant to Rule 4(m).

Fed. R. Civ. P. 4(m) states, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time

The Complaint was filed on October 31, 2023. Mr. Lambert was served with a Summons and copy of the Complaint more than 90 days later, on January 31, 2024. *See Exhibit 1.* Dismissal is therefore warranted pursuant to Rule 4(m). Point Bridge Capital never has been served, and no Summons directed to Point Bridge Capital has even been requested.

> **E. To the extent that the court declines to dismiss this case, in the alternative only, this case should be transferred to the United States District Court for the Northern District of Texas.**

To the extent that court is not inclined to dismiss this action outright,[12] it should be transferred to the United States District Court for the Northern District of Texas. Under 28 U.S.C. § 1406(a), the Court shall, "in the interests of justice[,]" transfer the case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a)(1).[13] The decision to transfer is within the sound discretion of the district court. *One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp.*, 312 F. Supp. 2d 824, 828 (E.D. Va. 2004). In ruling upon a request to transfer, a court must answer two questions: "(1) whether the claims might have been brought in the transferee

---

[12] Defendants respectfully submit that where, as here, Plaintiff's claims are subject to dismissal on the merits for numerous other reasons, including those set forth above, dismissal for improper venue and not transfer is the appropriate redress. *See, e.g., Marshall v. Walt Disney Co.*, 318 F. Supp. 3d 957, 958 & n.1 (M.D.N.C. 2018) ("transfer to another district . . . would not be in the interests of justice because the case against [defendant] is likely subject to dismissal" given that plaintiff's claims "do not appear to state a claim upon which relief can be granted"); *Page v. Alleghany Cnty. Court of Common Pleas Family Div.*, No. CCB-16-3955, 2016 WL 7383868, at *1 (D. Md. Dec. 21, 2016) ("It would not be in the interests of justice to transfer the case to another federal court as [plaintiff's] complaint against the named defendants is likely subject to dismissal."); *Davis v. Wake Cnty. Dep't of Human Servs.*, No. 4:11-cv-8, 2011 WL 9681048, at *1 (E.D. Va. Jan. 24, 2011) (where allegations "show that relief is barred by the applicable statute of limitations," it "is not in the interest of justice to transfer this action").

[13] Because this Court lacks personal jurisdiction over Defendants and venue has been laid in the wrong venue, transfer under 28 U.S.C. § 1406(a)(1) is appropriate. *See Convergence Techs. (USA), LLC v. Microloops Corp.*, 711 F. Supp. 2d 626, 640 (E.D. Va. 2010) (holding that a transfer motion with respect to defendants who were not properly subject to suit in Virginia because there was no personal jurisdiction over the defendants, is governed by § 1406(a)). Alternatively, if the Court finds that venue properly has been laid, the case still should be transferred pursuant to 28 U.S.C. § 1404(a). "[W]hether a transfer is 'in the interest of justice' under either § 1404(a) or § 1406(a) requires substantially the same analysis[.]" *Id.*

forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003). Here, the resolution of these two inquiries requires transfer to the Northern District of Texas of all claims against Defendants.

The first requirement is satisfied if the movant establishes that both venue and jurisdiction are proper as to each defendant in the transferee court. *Id.* As stated in Sections A and B above, venue is proper in the Northern District of Texas and Defendants are subject to personal jurisdiction there because, at all times relevant to the claims set forth in the Complaint, Defendants were, and are, residents of Fort Worth, Texas, *see Exhibit 1; see also Compl. at 2-3,* and all of the dealings between Plaintiff and Defendants took place while Defendants and Plaintiff were residents of Texas. *See Exhibit 1.*

For the second requirement, courts consider a variety of several non-exclusive factors including the following: (1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice. *See Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002) (citing *Bd. of Trustees, Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1256–62 (E.D.Va.1988)). In this case, these factors weigh in favor of transfer.

First, although a plaintiff's choice of forum ordinarily is afforded considerable weight, that weight is significantly lessened when none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with

the matter in controversy. *See Telepharmacy Solutions, Inc. v. Pickpoint Corp.*, 238 F. Supp. 2d 741, 743 (E.D. Va. 2003). As stated, aside from Plaintiff's recent apparent relocation to Virginia, there is no nexus between Plaintiff's claims and Virginia. The Defendants do not, and have not at any times relevant to the Plaintiff's claims, resided in Virgina and none of the events alleged in the Complaint are alleged to have taken place here.

Second, as to witness convenience and access, due to the vague, conclusory allegations that make up the Complaint, it is almost impossible to know who may be a witness that could testify to Plaintiff's claims. However, because all of Defendants' dealings with Plaintiff related to the Complaint (as Defendants understands them) occurred in Texas and Plaintiff himself was a resident of Texas until relatively recently, including well after Plaintiff alleges he began working with Defendants, relevant witnesses likely would be located primarily in Texas. Further, Defendants' relevant evidence and witnesses are located in Fort Worth, Texas, where Mr. Lambert resides and where Point Bridge Capital maintains its principal place of business. The Complaint does not, and cannot, identify any important witnesses or evidence located in Virginia. Therefore, the evident concentration of witnesses and evidence in Texas weigh in favor of transfer to the Northern District of Texas.

Third, litigating this matter in the Northern District of Texas would be more convenient for Defendants because it is their home forum and the location of their witnesses and evidence. Defendants have no connection whatsoever to Virgina. If Plaintiff actually resides in Virginia now, as he claims, arguably he may be

inconvenienced by having to travel to Texas to litigate this case. Any such inconvenience however is minimal, at worst, and can certainly be mitigated by requesting to attend non-dispositive hearings or conferences remotely or by retaining counsel located in Texas. Thus, the convenience of the parties does not weigh strongly in either direction.

Last, the interests of justice support transferring this case to the Northern District of Texas. In deciding whether the interest of justice favors transfer, courts consider public interest factors aimed at systemic integrity and fairness, including, among other things, the interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law. *See Hengle v. Curry,* No. 3:18-cv-100, 2018 WL 3016289, at *10 (E.D. Va. June 15, 2018) (citation omitted). Because all of the dealings between Defendants and Plaintiff with respect to the matters alleged in the Complaint (again, as Defendants understand them) took place in Texas, the interest in "having local controversies decided at home" favors transfer. Likewise, courts in the Northern District of Texas are knowledgeable about Texas law (which, as set forth above, governs the substantive issues in this case) and transferring the case there would avoid any potential unnecessary conflicts of law. *See, e.g., Phillips v. Uber Tech., Inc.*, No. 3:15-cv-544, 2016 WL 165024, at *3 (E.D. Va. Jan. 13, 2016) (holding that the Southern District of New York had far more familiarity and experience in adjudicating the matters of New York law that would govern the substantive claims in the case and this factor counseled in favor of transfer). Thus,

the connection to Texas compared with the lack of any strong connection between Plaintiff's claims and Virginia weigh heavily in favor of transfer to Texas.

Because the pertinent factors weigh in favor of transfer and there is no compelling reason for the litigation of this case in the Eastern District of Virginia, this Court, in the alternative to dismissal, should exercise its discretion to transfer this case to the Northern District of Texas, where it belongs.

Conclusion

Based upon the foregoing grounds, *Exhibit 1* hereto, and the record herein, this Court should grant Defendants' Motion and enter an Order dismissing Plaintiff's Complaint. In the alternative, this case should be transferred to the United States District Court for the Northern District of Texas.

Dated: February 20, 2024.

***ROSEBORO* NOTICE**

The Plaintiff is hereby advised of the following:

(1)     The pro se party is entitled to file a response opposing the motion and that any such response must be filed within twenty-one (21) days of the date on which the dispositive or partially dispositive motion is filed; and

(2)     The Court could dismiss the action on the basis of the moving party's papers if the pro se party does not file a response; and

(3)     The pro se party must identify all facts stated by the moving party with which the pro se party disagrees and must set forth the pro se party's version of the

facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and

(4)     The pro se party is also entitled to file a legal brief in opposition to the one filed by the moving party.

Respectfully submitted,


/s/  Timothy B. Hyland
Timothy B. Hyland
Virginia Bar. No. 31163
Counsel for Hal Lambert and Point Bridge Capital
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA  20190
Tel.:   (703) 956-3566
Fax:   (703) 935-0349
Email: thyland@hylandpllc.com

/s/ Jamie M. Hertz
Jamie M. Hertz
Virginia Bar No. 71731
Counsel for Hal Lambert and Point Bridge Capital
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA  20190
Tel.:    (703) 956-3566
Fax:    (703) 935-0349
Email: jhertz@hylandpllc.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 20th day of February, 2024, I will file the foregoing with the Clerk of Court using the CM/ECF system, and I will mail, by first-class mail, postage prepaid, a copy of this document and the NEF to the following non-user of the ECF system:

Charles C. Johnson
1624 Fieldstone Drive
Reston, VA  20194


*    /s/ Timothy B. Hyland* *                                    *
Timothy B. Hyland
Virginia Bar No. 31163
Counsel for Hal Lambert and Point Bridge Capital
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA 20190
703-801-8472 (Phone)
703-935-0349 (fax)
thyland@hylandpllc.com