**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| CHARLES C. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:23-cv-1485-MSN-WEF |
| | ) | |
| HAL LAMBERT, | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| POINT BRIDGE CAPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION
(FED. R. CIV. P. 12(b)(2)), IMPROPER VENUE (FED. R. CIV. P.
12(b)(3)), FAILURE TO STATE A CLAIM (FED. R. CIV. P.
12(b)(6)), AND FAILURE TIMELY TO SERVE THE COMPLAINT (FED. R.
CIV. P. 4), OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

The defendants, Hal Lambert ("Mr. Lambert") and Point Bridge Capital

("Point Bridge Capital") (collectively, "Defendants"), hereby file their Reply

Memorandum in Support of their Motion to Dismiss for Lack of Personal Jurisdiction

(Fed. R. Civ. P. 12(B)(2)), Improper Venue (Fed. R. Civ. P. 12(B)(3)), Failure to State

a Claim (Fed. R. Civ. P. 12(B)(6)), and Failure Timely to Serve the Complaint (Fed.

R. Civ. P. 4), or, in the Alternative, Motion to Transfer Venue ("Motion"), and in

support thereof state as follows:

## I.      INTRODUCTION

Plaintiff's Opposition to the Motion (ECF No, 6) ("Opposition") and the supporting Declaration of Charles C. Johnson ("Declaration") are as devoid of merit as his Complaint. First, as explained in Defendants' Motion, there are no factual allegations in the Complaint which support personal jurisdiction over the Defendants.[1] In an attempt to avoid this fatal flaw, in his Opposition and Declaration, Plaintiff for the first time makes vague references to his own alleged business contacts in the Commonwealth of Virginia, as well as unsubstantiated, false allegations regarding trips made by Mr. Lambert to the Eastern District of Virginia. Plaintiff cannot defeat Defendants' Motion by introducing brand new allegations or new facts that were not alleged in the Complaint.  Furthermore, even if Plaintiff had made such assertions in his Complaint, these ambiguous, non-specific allegations are insufficient to meet his burden to show that this Court properly may exercise jurisdiction over the Defendants.

Second, Plaintiff fails to offer any valid reason why this Court should not dismiss this case for improper venue or, in the alternative, transfer venue to the Northern District of Texas. It is Plaintiff's burden to establish that venue properly has been laid in the Eastern District of Virgina. Here, the Complaint lacks any allegations that would support retaining venue is this District and Plaintiff cannot

---

[1] With the exception of a single allegation that Plaintiff now resides in Reston, Virginia, the Complaint contains no other facts or allegations referencing or referring to Virginia in any way.

fabricate "facts" about business contacts and trips in the Eastern District of Virginia for purposes of avoiding dismissal or transfer.

Third, even if Plaintiff were allowed to raise new facts and allegations in support of his Opposition to Defendants' Motion to Dismiss, which he is not, Plaintiff still fails to state any cause of action upon which relief may be granted. As to Plaintiff's breach of contract claim, the only claim even addressed in his Opposition, Plaintiff still has failed to identify essential elements to establish a binding contract or any breach. Moreover, Plaintiff's Opposition does not appear to address, much less oppose, Plaintiff's Motion with respect to the fraudulent misrepresentation or unjust enrichment claims and these claims should be dismissed.

Last, Plaintiff's math is incorrect. The Summons and Complaint were served on Mr. Lambert more than 90 days after the Complaint was filed, and Point Bridge Capital never has been served with process. Plaintiff did not seek additional time to serve the Complaint. Dismissal is warranted under Fed. R. Civ. P. 4(m).

## II.   ARGUMENT

### A.   *Plaintiff has failed to meet his burden to show that this Court has personal jurisdiction over Defendants.*[2]

To oppose the Motion and avoid dismissal, Plaintiff appears to have conjured new allegations and facts—which are false and are refuted by Defendants—in an attempt to deceive this Court into exercising personal jurisdiction over the

---

[2] Plaintiff's arguments on personal jurisdiction and improper venue appear to be merged in the Opposition. For clarity purposes, Defendants will address these issues separately in this Reply.

Defendants. The law is well-settled—"[A] plaintiff may not introduce new allegations or new facts in an opposition to a defendant's motion to dismiss." *Hooker v. Disbrow*, No. 1:16-CV-1588, 2017 WL 1377696, at *4 (E.D. Va. Apr. 13, 2017) (citing *Barclay White Skansa. Inc.v. Battelle Mem'l Inst.*, 262 Fed. Appx. 556, 563 (4th Cir. 2008). Furthermore, even these new assertions are nothing more than vague statements regarding Plaintiff's own business contacts[3] and allegations regarding trips made by Mr. Lambert to the Eastern District of Viginia that lack any specificity, such as the when these trips allegedly occurred, when and where in Virginia any alleged meetings occurred, the identity of any individuals with whom Mr. Lambert allegedly met in Virginia, or the identity of any individuals with whom Plaintiff allegedly met in Virginia to generate business pursuant to the alleged oral contract. Such vague allegations are insufficient to establish a prima facia showing of personal jurisdiction. *See Miller v. Reckitt Benckiser Grp. PLC*, Case No. 1:15-cv-17, 2023 WL 6849436, at *7 (W.D. Va. October 17, 2023) ("However, courts need not credit conclusory allegations, and a plaintiff must base his claim for personal jurisdiction "on specific

---

[3] Plaintiff cannot be the only link between the Defendant and the forum. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014). "Rather, it is the [Defendants'] conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over [them]." *Id.* (citation omitted). "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id.* at 286 (citation omitted).

facts set forth in the record.") (quoting S*onoco Prods. Co. v. ACE INA Ins.*, 877 F.

Supp. 2d 398, 405 (D.S.C. 2012)).[4]

Here, it is undisputed that on November 23, 2020, the date on which Plaintiff

now alleges he entered an oral contract with Mr. Lambert, all of the parties were

residents of the State of Texas. *See* Second Declaration of Hal Lambert, adopted

herein and attached hereto as *Exhibit 1* ("Lambert 2d Decl.") ¶ 2; *see also* Opposition

at 2 (noting that Plaintiff signed a lease for a townhouse in Reston, Virginia on

November 21, 2021). Thus, by Plaintiff's own admission, Plaintiff was not a resident

of Virginia until more than a year after the alleged oral contract was entered. *See*

Opposition at 2. Defendants have never attended any business meetings with

Plaintiff or otherwise met with Plaintiff in Virginia. *See* Lambert 2d Decl. ¶ 3-4, 9-

10. Defendants have not met with business investors in the Commonwealth of

Virginia in connection with Plaintiff, Umbra Labs, or the Special Purpose Vehicle

created to invest in Umbra Labs ("SPV"), and have never been involved in any sales

for Umbra Labs or met with any customers of Umbra Labs. *Id.* ¶ 5-10. Indeed, as

originally stated in their Motion, Defendants do not transact any business or perform

---

[4] In his Opposition, Plaintiff alleges that "Defendants, although domiciled in Texas and Delaware, conduct business in the Eastern District of Virginia through their direct, private investments in satellite technology." This bald allegation is not alleged in the Complaint, is not supported by any evidence in the record and is not averred to in the Declaration. In the Declaration, Plaintiff declares that "the companies in which [Mr. Lambert] has invested also conduct business in the Eastern District of Virginia." These allegations, even if taken as true, are vague and are insufficient to demonstrate the type of "continuous and systemic" contacts with this forum that would allow the court to establish general personal jurisdiction over Defendants. *See Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414 (1984).

any work or services in the Commonwealth of Virginia and have not transacted any business or performed any work or services in the Commonwealth of Virginia since before 2020. *See* Motion at *Exhibit 1*; *see also* Lambert 2d Decl. ¶ 11. Aside from his own self-serving Declaration, Plaintiff has not introduced any evidence whatsoever that Defendants have purposefully availed themselves of the laws of the Commonwealth of Virginia. Simply put, there are no grounds upon which this Court can exercise jurisdiction over Defendants and Plaintiff has failed to meet his burden to demonstrate otherwise.[5]

> B. *The Eastern District of Virginia is not the proper forum for this action and Plaintiff does not dispute that transfer to the Northern District of Texas would be appropriate.*

Plaintiff's argument that venue is proper in the Eastern District of Virgina appears to rely upon on the same vague, conclusory, non-specific facts, raised for the first time in his Opposition and Declaration, as his personal jurisdiction argument. Based on these hollow allegations, Plaintiff asserts that venue is proper because Defendants are "doing business" in the Eastern District of Virginia. Plaintiff's

---

[5] Notably, this is not the first time that Plaintiff has attempted improperly to hale a non-resident defendant into a foreign jurisdiction based on limited contacts with the forum state. In 2020, Plaintiff sued the Huffington Post for libel in the United States District Court for the Southern District of Texas for calling Plaintiff a Holocaust denier and white nationalist. *See Johnson v. TheHuffingtonPost.com, Inc.,* 21 F.4th 314 (5th Cir. 2021). In that case, Plaintiff initially claimed jurisdiction on his own Texas citizenship and alleged that the libel occurred in Texas. *Id.* at 316. But the Huffington Post is a citizen of Delaware and New York, with no physical ties to Texas. *Id.* To overcome this hurdle, Plaintiff attempted to stress the Huffington Post's online links to Texas. *Id.* at 317. The Huffington Post moved to dismiss for lack of jurisdiction and the district Court granted the Motion. Plaintiff appealed. *Id.* The United States Court of Appeals for the Fifth Circuit affirmed the dismissal, holding that Plaintiff had failed to plead an adequate basis to establish personal jurisdiction. *Id.* at 326.

Opposition relies on a pre-1988 version of 28 U.S.C. § 1391(c) which then stated, in pertinent part: A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes. However, and as noted in the case cited by Plaintiff, *Tenefrancia v. Robinson Exp. & Imp. Corp.*, 921 F.2d 556, n. 2 (4th Cir. 1990), § 1391 has since been amended by Congress. The current version of 28 U.S.C. § 1391(c)(2) reads, in pertinent part:

> [A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business.

As explained above, this Court does not have not have personal jurisdiction over these Defendants. For that reason, as well as the additional reasons set forth in Defendants' Motion, this Court is not a proper venue for this action and dismissal is appropriate under Rule 12(b)(3).

Plaintiff does not appear to contest that, in the alternative to dismissal, transfer would be appropriate under 28 U.S.C. § 1406(a). In fact, Plaintiff's Opposition does not even address the issue of transfer and fails to allege that any of the pertinent factors, such as convenience of witnesses or the interest of justice, weigh in favor of the case remaining in the Eastern District of Virginia. For that reason, as well as the additional reasons set forth in Defendants' Motion, in the alternative to dismissal, this case should be transferred to the Northern District of Texas.

C. *Plaintiff has not overcome the fact that he has failed to state any claim upon which relief may be granted.*

      1. <u>Plaintiff does not state a claim for breach of contract.</u>

As stated above, Plaintiff is not permitted to assert new facts not alleged in the Complaint in response to Defendants' Motion to Dismiss. However, even if the Court were to consider the additional facts and allegations in Plaintiff's Opposition and Declaration, Plaintiff still fails to state a viable claim for breach of contract. Fatal to Plaintiff's claims, neither the Complaint nor Plaintiff's Opposition allege a specific provision of the alleged "oral contract" that was breached by either of the Defendants. In the Opposition, Plaintiff asserts that Mr. Lambert excluded Plaintiff from communications regarding Umbra Labs and that he was somehow thereby deprived of his profits owed under the "oral contract." However, Plaintiff fails to allege that there was any agreement between Plaintiff and Defendants that entitled Plaintiff to communications regarding Umbra Labs. At best, in his Declaration, Plaintiff alleges that he believes that "investors assumed that [he] would be involved in the Umbra Labs deal" and that he believed that "investors did not expect Mr. Lambert to be intimately involved in the Umbra Labs deal." Plaintiff's subjective beliefs do not give rise to a binding contract and Plaintiff has failed to state a claim for breach of contract as a matter of law.[6]

---

[6] Additionally, at times in the Opposition, Plaintiff alleges that Mr. Lambert entered an oral contract with Plaintiff, and, at other times, he alleges that "Defendants" entered an oral contract with Plaintiff. Therefore, it is impossible to determine who Plaintiff alleges are the parties to the alleged contract or who allegedly breached the contract. For this reason also, Plaintiff's claim for breach of contract should be dismissed.

    2.   <u>Plaintiff does not appear to oppose dismissal of his fraudulent misrepresentation or unjust enrichment claims.</u>

Plaintiff's Opposition does not address any of the arguments raised in Defendants' Motion regarding the deficiencies of his fraudulent misrepresentation and unjust enrichment claims. As stated in Defendant's Motion, Plaintiff's Complaint fails properly to state a claim for fraudulent misrepresentation or unjust enrichment upon which relief can be granted. Accordingly, Plaintiff's claims for fraudulent misrepresentation and unjust enrichment must be dismissed.

*D. Dismissal is warranted under Fed. R. Civ. P. 4(m).*

Contrary to Plaintiff's statement that "Defendants were served on the 90th day after the filing on the Complaint[,]" Mr. Lambert *only* was served with a Summons and copy of the Complaint *92 days* after the Complaint was filed. *See* Motion at *Exhibit 1*. Point Bridge Capital never has been served. Moreover, Plaintiff appears not to have even forwarded the Summons for Mr. Lambert to a process server until January 3, 2024, over two (2) months after the Complaint was filed, *see* Opposition at *Exhibit B*, and no Summons directed to Point Bridge Capital has even been requested.

Fed. R. Civ. P. 4(m) states, in pertinent part: If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time (emphasis added). While the Court may extend this period in its discretion, and must extend this period in the event good cause is shown, *Gelin v. Shuman*, 35 F.4th 212, 219-20 (4th Cir. 2022), Plaintiff

has not sought an extension, nor has he attempted to show good cause for his failure to timely to serve Defendants. Plaintiff plainly failed to timely serve Mr. Lambert, has never served Point Bridge Capital, and never has requested from the Court any additional time to achieve service. Accordingly, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 4(m).

## III.    CONCLUSION

For the foregoing reasons, as well as those in Defendants' Motion, this Court should grant Defendants' Motion and enter an Order dismissing Plaintiff's Complaint. In the alternative, this case should be transferred to the United States District Court for the Northern District of Texas.

Dated: February 28, 2024.

Respectfully submitted,


/s/  Timothy B. Hyland
Timothy B. Hyland
Virginia Bar. No. 31163
Counsel for Hal Lambert and Point Bridge Capital
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA  20190
Tel.:   (703) 956-3566
Fax:   (703) 935-0349
Email: thyland@hylandpllc.com

/s/ *Jamie M. Hertz*
Jamie M. Hertz
Virginia Bar No. 71731
Counsel for Hal Lambert and Point Bridge Capital
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA  20190
Tel.:    (703) 956-3566
Fax:    (703) 935-0349
Email: jhertz@hylandpllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of February, 2024, I will file the foregoing with the Clerk of Court using the CM/ECF system, and I will email and mail, by first-class mail, postage prepaid, a copy of this document and the NEF to the following non-user of the ECF system:

Charles C. Johnson
1624 Fieldstone Drive
Reston, VA  20194

*/s/ Timothy B. Hyland*
Timothy B. Hyland
Virginia Bar No. 31163
Counsel for Hal Lambert and Point Bridge Capital
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA 20190
703-801-8472 (Phone)
703-935-0349 (fax)
thyland@hylandpllc.com