UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CHARLES C. JOHNSON, <br>     Plaintiff, <br><br>   v. <br><br> HAL LAMBERT, <br> POINT BRIDGE CAPITAL, <br>     Defendants. | No: 1:23-cv-01485 (MSN/WEF) |

**ORDER**

  Plaintiff Charles C. Johnson filed a complaint *pro se* against Defendants Hal Lambert and Point Bridge Capital alleging breach of contract and fraudulent misrepresentation (Count I) and unjust enrichment (Count II). Both counts allegedly relate to the "launch" of Umbra Lab Inc. ("Umbra Lab"). Plaintiff alleges he helped raise funds for Defendants to invest in Umbra Lab from his network of investors and was subsequently barred from working with Umbra Lab. Plaintiff further alleges to have suffered public embarrassment with his investment network due to Defendants' conduct.

  Before the Court is Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, Failure to State a Claim, and Failure to Timely Serve the Complaint,[1] Or, in the Alternative, Motion to Transfer Venue. ECF 3 ("Motion"). The motion has been fully briefed and the Court finds that oral argument will not materially aid the decisional process. Upon

---

[1] Fed. R. Civ. P. 4(m) stipulates that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Plaintiff filed his complaint on October 31, 2023. Defendant Lambert was served with a Summons on January 31, 2024, more than ninety days after the complaint was filed. Defendant Point Bridge Capital was also not served, and no summons directed to Point Bridge Capital has been requested. Plaintiff does not dispute this in his opposition brief. Furthermore, given that Plaintiff has not shown good cause for untimely service or failure to serve Defendant Point Bridge Capital, this also serves as a valid basis for dismissal.

consideration of the pleadings and for the reasons set forth below, the Court will **GRANT** the Motion.

Defendants argue that the Court lacks personal jurisdiction over them, that venue is not proper in this district, that Plaintiff failed to state a claim upon which relief can be granted, and that Plaintiff failed to timely serve the complaint. In the alternative, Defendants seek transfer of venue. The Court finds that the motion can be resolved on personal jurisdiction grounds, and therefore it need not address the other issues.[2]

Under Fed. R. Civ. 12(b)(2), "the Court may dismiss a case for lack of personal jurisdiction." *Selke v. Germanwings GmbH*, 261 F. Supp. 3d 645, 651 (E.D. Va. 2017). "When a court rules on personal jurisdiction without an evidentiary hearing, the plaintiff must make a *prima facie* showing of a sufficient jurisdictional basis to survive the challenge." *Id*. "In such circumstances, a court must view all the relevant allegations in the light most favorable to the plaintiff and draw all reasonable inferences for the existence of jurisdiction." *Id*. at 651-52.

---

[2] To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). A plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly,* 550 U.S. at 555. Nevertheless, a plaintiff must make more than bald accusations or mere speculation; "naked assertions devoid of further factual enhancement," and "a formulaic recitation of the elements of a cause of action" are insufficient under Rule 12(b)(6). *Twombly,* 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc*., 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). A complaint by a *pro se* plaintiff should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). But the Court's "task is not to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). In the body of his complaint, Plaintiff fails to state any facts that point to the existence of a valid contract or agreement between Defendants and him. Furthermore, even though Plaintiff alleges that he began working with Defendants on November 23, 2020, ECF 1 ("Compl.") ¶ 9, he does not allege that this action was undertaken pursuant to a contract with either Defendant. In his "First Claim for Relief," Plaintiff does allege that "Defendants entered into an express written and oral contract with Plaintiff whereby access to his network of investors was predicated on his participation in the company's operations." *Id*. ¶ 25. However, Plaintiff fails to allege any of the essential elements of an oral or written contract such as what the material terms were, what the purpose of the agreement was, or the required performance expected under the agreement. Plaintiff also does not attach said contract to his complaint. As such, Plaintiff also fails to point to any specific provision of the contract or agreement that was breached. In light of these pleading failures, the Court notes that in its current form, Plaintiff's complaint fails to adequately state a claim upon which relief can be granted. *See* Fed. R. Civ. 12(b)(6).

Defendants argue that the Court lacks personal jurisdiction over them because they "do not transact any business or perform any services in Virginia and do not contract to supply any service or things in Virginia." ECF 4 ("Def. Mem.") at 7. Defendants further argue that they "do not own, use, or possess real property in Virginia and have no employees or any other presence in Virginia . . . [and] have not purposefully availed themselves in any way of the laws of Virginia." *Id*. Lastly, Defendants argue that "all the dealings between Plaintiff and Defendants with respect to the matters addressed in the Complaint took place in Texas during a time when all of the parties were residents of Texas."[3] *Id*. at 8.

In response, Plaintiff argues that Defendant Lambert "entered into [the] contract explicitly because of Plaintiff's ability to generate business in the Eastern District of Virginia." Opp. at 3. Plaintiff further alleges that following an oral contract between him and Defendant Lambert, he "immediately began meeting individuals within the Eastern District of Virginia to generate business," resulting in Defendants "benefiting from [Plaintiff's] actions within the Eastern District of Virginia," and he was "often joined by Defendant Lambert in person, during which the events referenced in the Complaint occurred." *Id*. Defendants have the better argument.

An analysis of personal jurisdiction is a two-step process that consists of both a statutory and constitutional component. *See Benton v. Home Max Realty, Inc*., 2024 WL 346490, at *3 (E.D. Va. Jan. 30, 2024). Because Defendants are not residents of Virginia, this Court "may only exercise jurisdiction if Plaintiff can establish (1) that Defendants' contacts with Virginia satisfy the Virginia long-arm statute, Va. Code Ann. § 8.01-328.1, and (2) that the statutory assertion of jurisdiction is consistent with the Due Process Clause of the Constitution." *Id*. Under the Virginia's long arm

---

[3] This fact is supported by Plaintiff's own assertion that "[o]n or about November 21, 2021, [he] signed a lease for his tenancy in a townhouse located [in] . . . Reston, Virginia." ECF 6 ("Opp.") at 2. This is approximately a year after "Plaintiff began working with Lambert and Point Bridge Capital [] to launch Umbra Lab, Inc" on November 23, 2020. Compl. ¶ 9.

statute, this Court may exercise personal jurisdiction over a defendant "when the cause of action arises from defendant transacting any business in this Commonwealth or contracting to supply services or things in this Commonwealth." *Netstyle Corp. v. Pie Headwear, LLC*, 2023 WL 9376775, at *2 (E.D. Va. Dec. 13, 2023) (cleaned up). Furthermore, this Court may also exercise personal jurisdiction over defendants, "who act[] directly or by an agent, as to a cause of action arising from . . . transacting any business in this Commonwealth or . . .causing tortious injury by an act or omission in this Commonwealth . . ." *Newbauer v. Jackson Hewitt Tax Serv. Inc*., 2019 WL 1398172, at *6 (E.D. Va. Mar. 28, 2019) (cleaned up). Aside from Plaintiff's allegation that he is "domiciled in Fairfax County," Compl. ¶ 1, his complaint fails to identify any other act or omission on the part of either Defendant that took place in Virginia. Therefore, Virginia's long-arm statute does not reach Defendants' alleged conduct underlying Plaintiff's claims.

"To satisfy the constitutional due process requirement [of personal jurisdiction], a defendant must have sufficient 'minimum contacts' with the forum such that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Consulting Engineers Corp. v. Geometric Ltd*., 561 F.3d 273, 277 (4th Cir. 2009) (quoting *Int'l Shoe Co. v. State of Wash*., 326 U.S. 310, 316 (1945)). "The minimum contacts test requires the plaintiff to show that the defendant 'purposefully directed his activities at the residents of the forum' and that the plaintiff's cause of action 'arises out of those activities.'" *Id*. (quoting *Burger King Corp. v. Rudzewicz*., 471 U.S. 462, 472 (1985)). "This test is designed to ensure that the defendant is not haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts," and it "protects a defendant from having to defend himself in a forum where he should not have anticipated being sued." *Id*.

The Fourth Circuit "has synthesized the due process requirements for asserting specific personal jurisdiction [into] a three part test."[4] *Id.* at 278. The Court considers "(1) the extent to which the defendant[s] purposefully availed [themselves] of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016) (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002)). "If, and only if . . . the plaintiff has satisfied th[e] first prong of the test for specific jurisdiction need [the court] move on to a consideration of prongs two and three." *Consulting Engineers Corp.*, 561 F.3d at 278.

As relevant here, it is well-established that, under the first prong of the test, "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant[s]' conduct connects [them] to the forum in a meaningful way." *McNeil v. Biaggi Prods., LLC*, 2017 WL 2625069, at *7 (E.D. Va. June 16, 2017) (quoting *Walden v. Fiore*, 571 U.S. 277, 290 (2014)). In other words, "[a]lthough the place that the plaintiff feels the alleged injury is plainly relevant to the inquiry, it must ultimately be accompanied by the defendant[s]' own contacts with the state if jurisdiction over the defendant[s] is to be upheld." *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 143 (4th Cir. 2020) (cleaned up). "[T]he purposeful availment prong of the personal jurisdiction analysis can be met if [] defendant[s]' intentional conduct in the [forum] state was calculated to cause injury to the plaintiff in the forum state," but "mere injury to a forum resident [is] not a sufficient connection to the forum."[5] *Foster Made, LLC v. Foster*, 2018

---

[4] "A court may exercise general or specific personal jurisdiction." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 188 (4th Cir. 2016). Plaintiff does not allege that this court has general personal jurisdiction over the Defendants.
[5] Plaintiff alleges to be a citizen of Reston, Virginia domiciled in Fairfax County, Virginia. Compl. ¶ 1.

WL 4693810, at *3 n.6 (E.D. Va. Sept. 28, 2018); *Gillison v. Lead Express, Inc.*, 2017 WL 1197821, at *14 (E.D. Va. Mar. 30, 2017).

Plaintiff introduces in his opposition brief the fact that "Defendants, although domiciled in Texas and Delaware, conduct business in the Eastern District of Virginia through their direct, private investments in satellite technology which is then sold to the Department of Defense and other agencies." Opp. at 3. Plaintiff, however, "may not introduce new allegations or new facts in an opposition to a defendant's motion to dismiss." *Hooker v. Disbrow*, 2017 WL 1377696, at *4 (E.D. Va. Apr. 13, 2017). Nevertheless, the Court notes that in his complaint, Plaintiff alleges to be the nexus between Defendants and the Department of Defense and other federal agencies "in order [for Defendants] to obtain lucrative contacts." Compl. ¶ 10. Moreover, "the plaintiff cannot be the only link between the defendant[s] and the forum. Rather, it is the defendant[s]' conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over [them]." *Walden*, 571 U.S. at 285. Plaintiff's vague allegation is insufficient to establish personal jurisdiction given that his "showing of personal jurisdiction must be based on specific facts set forth in the record." *Edwards v. Schwartz*, 378 F. Supp. 3d 468, 493 (W.D. Va. 2019).

For these reasons, this Court lacks personal jurisdiction over the non-resident Defendants. Accordingly, Defendants' Motion to Dismiss (ECF 3) is **GRANTED**, and it is hereby

**ORDERED** that this civil action is **DISMISSED WITHOUT PREJUDICE.**[6]

The Clerk is directed to forward copies of this Order to counsel of record and plaintiff *pro se* and close this civil action.

Alexandria, Virginia  
April 2, 2024

/s/  
Hon. Michael S. Nachmanoff  
United States District Judge

---

[6] Because the Court has dismissed the complaint, it will not consider Defendants' request to transfer venue.